UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

LINDSAY CONSTRUCTION, LLC,           )
                                      )
            Plaintiff,                )          Civil No. 3:24-cv-00045-GFVT
                                      )
v.                                    )
                                      )          **MEMORANDUM OPINION**
Z&Z HEAVY HAUL, LLC, *et al.*,        )                    **&**
                                      )              **ORDER**
                                      )
            Defendant.                )

*** *** *** ***

This case presents a dispute over an allegedly defective John Deere Wheel Loader purchased for $59,000. Nonetheless, Defendant asserts that the amount in controversy exceeds $75,000. Because that assertion is implausible, and because the Plaintiff's post-removal stipulation is unequivocal, its Motion to Remand **[R. 7]** is **GRANTED**.

**I**

In October 2023, Plaintiff Lindsay Construction purchased a "wheel loader" from Defendants Ronny's Machines and More and Z & Z Heavy Haul, LLC. [1]  [R. 1-1 at 3.]  Z & Z, allegedly acting as an agent for Ronny's Machines and More, delivered the loader to Lindsay Construction in Kentucky. *Id.*  When the loader arrived, it did not "run and operate . . . as advertised." *Id.* Lindsay retained a mechanic to examine the loader. *Id.*  Inspection revealed that "the wheel loader's battery terminals had melted off upon it's last use, along with other issues not mentioned in the advertisement, and that the wheel loader was inoperable as delivered." *Id.*  Now, Lindsay Construction brings claims against Z & Z and Ronny's Machines and More for fraudulent

---

[1] The facts recounted here are taken from the Plaintiff's state court Complaint.  [R. 1-1.]

misrepresentation and negligence.  *Id.*

Lindsay Construction filed this action in Carroll Circuit Court on June 21, 2024.  [R. 1-1.]
Then, Z & Z removed the action to federal court.  [R. 1.]  Lindsay Construction subsequently
moved to remand for want of diversity jurisdiction.  [R. 7.]  Attached to its Motion is a post-
removal "Stipulation to Damages."  [R. 7-2.]

Tom Lindsay, Manager of Lindsay Construction, LLC, stipulates that Lindsay Construction
"will not seek or accept an award of damages in excess of $74,999.99 inclusive of punitive
damages, attorneys' fees, and the fair value of any injunctive relief."  [R. 7-2.][2]  Lindsay
Construction's state court complaint requests the following relief:

- Judgment against the Defendants Ronny Kesmika, d/b/a Ronny's Machines and More,
  and Z & Z Heavy Haul, LLC, requiring them to take possession of the 2016 John Deere
  544K wheel loader from Plaintiff Lindsay Construction, LLC, and refund the $59,000.00
  back to Plaintiff Lindsay Construction, LLC, or pay for said wheel loader to be repaired
  to a condition in which it 'runs and operates';

- Attorneys' fees and court costs incurred herein; and

- Such other relief to which the Plaintiff may be entitled.

Diversity of citizenship does not appear to be in issue here, and the Court is satisfied that
the parties are diverse within the meaning of 28 U.S.C. § 1332.  [R. 1; R. 14.]  Thus, the sole
issue to be resolved is the amount in controversy.

---

[2] The Plaintiff has also requested oral argument on its motion.  Because the court does not find oral argument to be
necessary, it will deny that request.

**II**

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction.  *See* 28 U.S.C. §§ 1441, 1446.  This Court has original federal question jurisdiction over civil actions that arise under the "Constitution, laws, or treaties" of the United States pursuant to 28 U.S.C. § 1331.  This Court also has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between parties who are "citizens of different States."  *See* 28 U.S.C. § 1332(a). Federal courts are courts of limited jurisdiction, and therefore any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted).  In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal.  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  Furthermore, the removing defendant bears the burden of showing that removal was proper.  *Fenger v. Idexx Lab'ys, Inc.*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002) (citations omitted).  The general rule is that removal based on diversity of citizenship is proper only where there is complete diversity "both at the time that the case is commenced and at the time that the notice of removal is filed."  *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999).

**A**

As a threshold matter, additional issues are pending contemporaneously with the remand request.  Defendant Z & Z has filed a Motion to Dismiss for Want of Personal Jurisdiction.  [R.

5.]  Further, there appears to have been a service of process issue concerning Defendant Ronny's

Machines and More.  Ronny Kesmika, d/b/a Ronny's Machines and More, still has not been

served.  Plaintiff Lindsay represents that Ronny Kesmika "is purposefully concealing his

location, as well as a service location, in an attempt to escape any liability from conducting

fraudulent activities."  [R. 15 at 5.]

     First, the Court will address the Plaintiff's Motion to Remand without considering the

personal jurisdiction question.  In situations like this one, the Supreme Court has declined to

impose a formal "sequencing of jurisdictional issues." *Ruhrgas AG v. Marathon Oil Co.*, 526

U.S. 574, 584 (1999); *In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) ("Federal

law does not provide any order of battle in this setting.").  Consequently, courts have "discretion

to address jurisdictional issues 'in any sequence [they] wish,' including by resolving the 'eas[y]'

rather than the more 'difficult' jurisdictional issue." *Id.* (quoting *Warshak v. United States*, 532

F.3d 521, 525 (6th Cir. 2008) (en banc) and *Ruhrgas AG*, 526 U.S. at 586)).  Here, "[t]he

[subject matter jurisdiction] issue in [this Court's] estimation is the easier of the two issues to

resolve." *Id.*  Hence, the Court will resolve the pending Motion to Remand without reaching the

Motion to Dismiss.  Second, the Court is satisfied that it may resolve the remand request even

though Ronny Kesmika has not yet been located for service.[3]

**B**

     "[A] defendant seeking to remove an action to federal court [bears the burden of

---

[3] The service issue here should not be confused with the adjacent but separate concept of "snap removal."  Snap removal occurs when "a forum-state defendant who has not yet been served removes [an] action[.]" *LifePoint Corp. Servs. Gen. P'ship v. WellCare Health Ins. Co. of Ky.*, No. 3:22-CV-00029-GFVT, 2023 WL 2388551, at *1 (E.D. Ky. Mar. 7, 2023), *certification denied*, No. 3:22-CV-00029-GFVT, 2023 WL 4217620 (E.D. Ky. June 27, 2023). That "peculiar but permissible" practice is not in issue here, since both defendants are residents of Michigan, and the removing party appears to have been properly served.  *Id.*; *see also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants *who have been served* or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.") (emphasis added).

establishing] by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).  However, he need not "prov[e] to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Id.*   "Thus, because the burden is on the defendant seeking removal, [Z & Z] must initially show by a preponderance of the evidence that the amount in controversy exceeds this Court's jurisdictional minimum of $75,000." *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 778 (E.D. Ky. 2014).  If Z & Z can do so, "the Court must then consider whether [Lindsay Construction's] post-removal stipulation effectively defeats the jurisdiction of this Court by unequivocally limiting damages below the jurisdictional threshold." *Id.*

### 1

### a

For starters, Kentucky's procedural rules have the potential to cause confusion for federal district courts attempting to assess amount in controversy.  The Kentucky Rules of Civil Procedure prohibit plaintiffs from articulating the specific amount that they seek to recover in their complaint.  *See* Ky. R. Civ. P. 8.01(2) ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court[.]").  To further complicate matters, Kentucky permits plaintiffs to recover a sum of damages greater than the amount requested in the complaint.  Ky. R. Civ. P. 54.03(2) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings.*") (emphasis added).

But Congressional amendments to 28 U.S.C. § 1446 guide district courts as they assess

amount in controversy against the backdrop of the aforementioned procedural rules.  In particular, when "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," removal is appropriate "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."  28 U.S.C. §§ 1446(c)(2)(A)(ii), (c)(2)(B); *see also MacKenzie v. GGNSC Stanford, LLC*, No. 13–344–KSF, 2013 WL 6191853, at *2 (E.D. Ky. Nov. 26, 2013).

**b**

Z & Z has not shown an amount in controversy in excess of this Court's jurisdictional minimum.  The thrust of Z & Z's removal argument is that the amount in controversy exceeds $75,000 because Lindsay seeks punitive damages.  However, the Complaint does not request punitive damages.  Further, in its Reply Brief, Lindsay Construction repeatedly represents that it is not seeking punitive damages.  [R. 11.]  *See Miller v. Draftkings, Inc.*, No. 2:16-CV-103, 2016 WL 3693467, at *3 (E.D. Tenn. June 30, 2016) ("Because Plaintiff is the master of her complaint, this Court will not, absent additional evidence that punitive damages are actually sought, allow Defendant to dictate Plaintiff's causes of action to conjure federal subject matter jurisdiction.").  Even assuming Z & Z had carried its burden by identifying this potential ambiguity, its argument for federal jurisdiction fails in the face of Linday's unequivocal stipulation.  Because Lindsay's stipulation is effective, remand is appropriate.

**2**

**a**

"When a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be remanded."

*Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014); *see also Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305 (E.D. Ky. 1990).  Moreover, "courts in this district remand cases wherein the post-removal stipulation . . . is the first specific statement of the alleged damages" and clarifies the amount in controversy.  *Tankersley*, 33 F. Supp. 3d at 780.  When a case is remanded pursuant to a post-removal stipulation, "the plaintiff is bound to recover no more than the damages to which he stipulated upon his return to state court."  *Id.*; *see Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013); *see also Ratliff v. Merck & Co.*, 359 F. Supp. 2d 571, 576 (E.D. Ky. 2005); *Coppola v. Wal-Mart Stores E., LP*, No. 16-67-GFVT, 2016 WL 4491838, at *2 (E.D. Ky. Aug. 25, 2016).

**b**

Here, the Court finds that Lindsay's stipulation clarifies, rather than reduces, its demand.  Plaintiff Lindsay Construction stipulates it "will not seek or accept an award of damages in excess of $74,999.99 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief."  [R. 7-2.]  The Court is not aware of any other inconsistent announcement that Lindsay Construction has made about the damages it seeks in this case.  Further, this appears to be Lindsay Construction's first statement of the specific damages at issue.  *Cf. Coppola*, 2016 WL 4491838, at *3.  The Court is convinced that the stipulation is unequivocal and binds Lindsay to accept no more than the stipulated amount.  This finding is consistent with this Court's previous holding in *Tankersley*, where it determined that an identical stipulation was unequivocal.  33 F. Supp. 3d at 776, 781; *see also Leavell v. Cabela's Wholesale, Inc.*, No. 3:15-CV-00809-JHM, 2015 WL 9009009, at *2 (W.D. Ky. Dec. 15, 2015) ("This district has recognized that a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount greater than $75,000, and that such a stipulation will be sufficiently unequivocal to

7

destroy diversity jurisdiction.") (internal citation omitted); *May v. Medtronic Sofamor Danek USA Inc.*, No. 7:24-CV-43-KKC, 2024 WL 4507345, at *1 (E.D. Ky. Oct. 16, 2024); *Mooney v. AT&T Corp.*, No. 3:18-CV-225-CRS, 2018 WL 2670065, at *2–3 (W.D. Ky. June 4, 2018).

Z & Z resists this conclusion, contending that the stipulation is inconsistent with the damages announced in the complaint. However, there is nothing incongruous about the complaint and the stipulation. On the contrary, the substance of the stipulation makes practical sense. Lindsay Construction paid $59,000 for the wheel loader. The Complaint requests that Defendants either refund the $59,000 or repair the loader. And Z & Z provides no reason to suppose that Lindsay's demand for attorney's fees is included in the amount in controversy calculation. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) ("As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees."). Common sense suggests that the Plaintiff's damages are under $75,000. Still, to the extent there was any ambiguity about amount in controversy at the time of removal, the Plaintiff's unequivocal stipulation now clarifies the issue in favor of remand.

## C

Finally, Plaintiff Lindsay Construction requests attorney fees for the cost of litigating what it characterizes as a frivolous attempt at removal. [R. 7-1 at 8–9.] In an order remanding an action to state court, a district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award serves "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party[.]" *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140

(2005). Accordingly, fee awards are appropriate only when "the removing party lacked an objectively reasonable basis for seeking removal." *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013) (quoting *Martin*, 546 U.S. at 141). Whether the cited basis for removal was objectively unreasonable is left to the district court's discretion. *Id.*

Despite its ultimate decision to remand, the Court cannot say that Defendant's removal arguments were so objectively unreasonable as to warrant the award of attorney fees. *See Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 600 (E.D. Ky. 2011) ("[Defendants'] arguments . . . although they did not carry the day, were at least reasonable arguments."). Accordingly, the Court declines to exercise its discretion to award attorney fees to the Plaintiff.

### III

At bottom, this case presents a dispute about construction equipment costing $59,000. The Defendant has not carried its burden of establishing that any damages awarded would exceed that amount. And, in any case, the Plaintiff's post-removal stipulation is unequivocal and thus effective. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Lindsay Construction's Motion to Remand **[R. 7]** is **GRANTED IN PART AND DENIED IN PART;**

2. To the extent Lindsay's Motion seeks a fee award, that request is **DENIED;**

3. To the extent Lindsay's Motion seeks remand to state court, that request is **GRANTED;**

4. This action is **REMANDED** to Carroll Circuit Court; and

5. This matter is **STRICKEN** from the Court's active docket.

This the 28th day of October, 2024.



Gregory F. Van Tatenhove
United States District Judge